James S. Thomson, II
ISB #6124; jst@powerstolman.com
POWERS TOLMAN FARLEY, PLLC
345 Bobwhite Court, Suite 150
Post Office Box 9756
Boise, Idaho  83707
Telephone:  (208) 577-5100
Facsimile:  (208) 577-5101
W:\71\71-005\Pleadings\Removal\Removal - State Court Record.docx

Attorney for Defendant Allied Property and Casualty Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AEILLA LYNN YERBY,<br><br>                    Plaintiff,<br><br>vs.<br><br>ALLIED PROPERTY AND CASUALTY<br>INSURANCE COMPANY,<br><br>                    Defendant. | Case No.<br><br>**STATE COURT RECORD IN<br>SUPPORT OF NOTICE OF<br>REMOVAL** |

**COMES NOW** defendant Allied Property and Casualty Insurance Company, by and through its counsel of record, Powers Tolman Farley, PLLC, and respectfully files this State Court Record in Support of Notice of Removal.

Attached hereto is a complete copy of all pleadings and papers on file in the state court action between the parties, with the exception of an Affidavit of Service filed on April 11, 2014, a copy of which has been requested and will be provided via supplemental pleading.

STATE COURT RECORD IN SUPPORT OF NOTICE OF REMOVAL - 1

DATED this 8ᵀᴴ day of May, 2014.

POWERS TOLMAN FARLEY, PLLC

By_____
James S. Thomson, II – Of the Firm
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8ᵀᴴ day of May, 2014, the foregoing document was:

X Electronically filed with the U.S. District Court.  Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

Sheli Fulcher Koontz                          sfk@law-idaho.com
LAW-IDAHO PLLC
802 West Bannock, Suite 101
Boise, ID 83702
*Attorney for Plaintiff*

* * * * *

____ Not electronically filed with the U.S. District Court.  A true and correct copy of the foregoing document was delivered to the address below by the method indicated:

Sheli Fulcher Koontz                     ___   U.S. Mail, Postage Prepaid
LAW-IDAHO PLLC                          X    Hand Delivered
802 West Bannock, Suite 101            ___   Overnight Mail
Boise, ID 83702                        ___   Telecopy
Fax No. (208) 888-9970
*Attorney for Plaintiff*

_____
James S. Thomson, II



DEBORAH A. BAIL

NO._____
A.M._____ FILED _____
                          P.M._____

APR 08 2014

CHRISTOPHER D. RICH, Clerk
By ELYSHIA HOLMES
DEPUTY

Sheli Fulcher Koontz, ISB 6459
LAW-IDAHO PLLC
802 W. Bannock, Suite 101
Boise, ID 83702
T: (208) 888-9980
F: (208) 888-9970
E: sfk@law-idaho.com

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

AEILLA LYNN YERBY,

               Plaintiff,

-vs-

ALLIED PROPERTY AND CASUALTY
INSURANCE COMPANY,

               Defendant.

Case No. **CV OC 1406942**

**SUMMONS**

### NOTICE:
**YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF.**
THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT
FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS.
**READ THE INFORMATION BELOW**

TO:   **ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY**
      **1100 LOCUST STREET, DEPT. 1100**
      **DES MOINES, IOWA 50391-1100**

      %   **IDAHO DEPARTMENT OF INSURANCE**
          **700 W. STATE STREET, 3ᴿᴰ FLOOR**
          **P.O. BOX 83720**
          **BOISE, ID 83720-0043**



COPY

YOU ARE HEREBY NOTIFIED that in order to defend this lawsuit, an appropriate written response must be filed with the **Ada County District Court**, located at **200 W. Front Street** in **Boise, Idaho 83702**, phone number **(208) 287-6900**, within 20 days after service of this Summons on you. If you fail to so respond, the court may enter judgment against you as demanded by the Plaintiff in the COMPLAINT AND DEMAND FOR JURY TRIAL.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1.   The title and number of this case.

2.   If your response is an Answer to the Complaint, it must contain certain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3.   Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4.   Proof of mailing or delivery of a copy of your response to Plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named Court.

The nature of the claim against you is for breach of contract and other damages.

DATED __8__ April 2014.

CHRISTOPHER RICH, Clerk

ELYSHIA HOLMES

By: _____

Deputy

SEAL

NO._____

A.M._____ FILED _____ P.M.

APR 0 8 2014

CHRISTOPHER D. RICH, Clerk
By ELYSHIA HOLMES
DEPUTY

Sheli Fulcher Koontz, ISB 6459
LAW-IDAHO PLLC
802 W. Bannock, Suite 101
Boise, ID  83702
T: (208) 888-9980
F: (208) 888-9970
E: sfk@law-idaho.com

Attorneys for Plaintiff

# IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT
# OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

AEILLA LYNN YERBY,

                Plaintiff,

-vs-

ALLIED PROPERTY AND CASUALTY
INSURANCE COMPANY,

                Defendant.

Case No.  CV OC 1406942

**COMPLAINT and
DEMAND FOR JURY TRIAL**

TO:   JUDGES OF THE FOURTH JUDICIAL DISTRICT COURT.

    Plaintiff alleges:

1.    Plaintiff Aeilla Yerby resides in Boise, Ada County, Idaho.

2.    Defendant Allied Property and Casualty Insurance Company ("Allied") is an insurance company authorized to do and actually doing business in Idaho under Idaho Department of Insurance Certificate of Authority No. 1847.



4.      This court has jurisdiction over this case because Allied transacted business within Idaho, contracted to insure a person or risk located within Idaho, or both.   Idaho Code § 5-514.

5.      Venue is proper in Ada County because the cause of action arose in Ada County.  Idaho Code § 41-1838.

6.      The monetary amount in controversy exceeds the $10,000 minimum jurisdictional amount of the District Court.  I.R.C.P. 9(g).

7.      On 10 July 2012, Ms. Yerby was significantly injured in a motor vehicle collision, which occurred in Ada County, Idaho and was caused by Rick Peterson.

8.      Ms. Yerby was neither negligent nor at fault.

9.      Mr. Peterson was insured by Viking Insurance Company of Wisconsin ("Viking") and such coverage had a liability limit of $25,000 per person.

10.      At the time of the collision, Ms. Yerby was a passenger in Mr. Peterson's vehicle.

11.      At the time of the collision, Ms. Yerby was insured by an insurance policy (e.g. express contract) issued by Allied.

12.      Ms. Yerby is an "insured" under the terms of that insurance policy.

13.      That insurance policy obligates Allied to compensate Ms. Yerby for damages caused by underinsured motorist Rick Peterson, subject to the policy limit of $100,000.

14.      Ms. Yerby received an offer of $24,000 from Mr. Peterson and Viking.

15.      The general and special damages suffered by Ms. Yerby have a monetary value much greater than $24,000.

16.      Ms. Yerby complied with the terms of the insurance policy in that she advised Allied of the $24,000 offer from Viking and then accepted that offer with Allied's approval.

COMPLAINT and DEMAND FOR JURY TRIAL | 2 of 5

17.    Ms. Yerby also complied with the terms of the insurance policy in that she provided Allied with notice of her underinsured motorist claim and documents that supported her claim.

18.    The supporting documents, including a demand letter, medical records, medical bills, and other information, were furnished to Allied on 28 June 2013.

19.    Allied failed to pay an amount justly due under the policy to Ms. Yerby within sixty (60) days after the proof of loss was furnished, as required by Idaho Code § 41-1839. Allied has breached its contract by failing to pay the underinsured damages.

20.    Ms. Yerby has good and sufficient legal and factual grounds for bringing this suit to recover the amount justly due under the insurance policy.

21.    Ms. Yerby is entitled to interest on the amount due on the express contract. Idaho Code § 28-22-104.

22.    The Allied insurance policy contains an implied covenant of good faith and fair dealing.

23.    Allied has a duty to Ms. Yerby to act in good faith and deal with her fairly.

24.    Allied intentionally, willfully, negligently, carelessly, or maliciously breached the covenant described in paragraph 22 and the duty described in paragraph 23 by:

    a.    Failing to acknowledge and act in a reasonably prompt manner upon communications regarding claims under insurance policies;

    b.    Failing to adopt and implement reasonable standards for prompt investigation of claims arising under the insurance policy;

    c.    Failing to attempt in good faith to effectuate prompt fair and equitable settlement of Ms. Yerby's claim;

    d.    Failing to pay Ms. Yerby the amount due under the contract;

    e.    Failing to promptly acknowledge and act upon Ms. Yerby's claim;

    f.    Failing to promptly and fairly pay Ms. Yerby's claim; and

g. Compelling Ms. Yerby to institute litigation to recover amounts due under the insurance policy.

25. Allied's wrongful conduct has caused additional damage to Ms. Yerby. Those damages are within the scope of Allied's legal responsibility to Ms. Yerby as an insured.

26. Ms. Yerby has been required to retain the law firm of LAW-IDAHO PLLC to enforce her rights against Allied. Ms. Yerby asks this Court to award her attorney fees and costs pursuant to Idaho Code § 41-1839, Idaho Code § 12-121, and I.R.C.P. 54(e).

## DEMAND FOR JUDGMENT – Idaho Code § 5-335

THEREFORE, Plaintiff Aeilla Yerby asks this Court to enter a judgment against Defendant Allied for:

1. The amount due under the insurance policy;

2. The amount justly due under Idaho Code § 41-1839;

3. Interest on the amount due pursuant to Idaho Code § 28-22-104;

4. The attorney fees and costs which Plaintiff Yerby incurred to recover the amount justly due under the policy;

5. Damages awardable for breach of the covenant of good faith and fair dealing;

6. Damages for Defendant Allied's tortious conduct;

7. The attorney fees and costs incurred regarding the breach of contract and the tort claims; and

8. For all other relief to which Plaintiff Yerby is entitled.

DATED _____ April 2014.

LAW-IDAHO PLLC

By: _____
Sheli Fulcher Koontz
Attorney for Plaintiff Aeilla Yerby

## DEMAND FOR JURY TRIAL - I.R.C.P. 38(b)

Plaintiff Aeilla  Yerby demands a trial by a jury of twelve.

DATED ___09___ April 2014.

LAW-IDAHO PLLC

By: _____
Sheli Fulcher Koontz
Attorney for Plaintiff Aeilla Yerby

NO._____
A.M._____ FILED P.M._____

APR 3 0 2014

CHRISTOPHER D. RICH, Clerk
By STACEY LAFFERTY
DEPUTY

COPY

James S. Thomson, II
ISB #6124; jst@powerstolman.com
POWERS TOLMAN FARLEY, PLLC
345 Bobwhite Court, Suite 150
Post Office Box 9756
Boise, Idaho  83707
Telephone:  (208) 577-5100
Facsimile:  (208) 577-5101
\\ptdc\client_files\71\71-005\Pleadings\Answer.docx

Attorney for Defendant Allied Property and Casualty Insurance Company

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| AEILLA LYNN YERBY,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLIED PROPERTY AND CASUALTY<br>INSURANCE COMPANY,<br><br>    Defendant. | Case No. CV OC 1406942<br><br>**ANSWER TO PLAINTIFF'S<br>COMPLAINT** |

**COMES NOW** defendant ALLIED PROPERTY AND CASUALTY INSURANCE

COMPANY, by and through its counsel of record, Powers Tolman Farley, PLLC, and in answer

to plaintiff's Complaint and Demand for Jury Trial (hereinafter "Complaint"), admits, denies and

alleges as follows:

//

//

ANSWER TO PLAINTIFF'S COMPLAINT - 1

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against defendant upon which relief may be granted.

**SECOND DEFENSE**

Based either upon a lack of information or belief that certain allegations contained in plaintiff's Complaint are untrue, defendant denies each and every paragraph and allegation contained in plaintiff's Complaint that is not expressly and specifically admitted in this Second Defense.

1.     Defendant admits the allegations set forth in paragraph 2 of plaintiff's Complaint.

2.     In answering the allegations set forth in paragraph 7 of plaintiff's Complaint, defendant admits only that on or about July 10, 2012, Ms. Yerby was injured in a motor vehicle collision which occurred in Ada County, Idaho, while traveling as a passenger in a vehicle operated by Rick Peterson.

3.     Defendant admits the allegations set forth in paragraphs 9 and 10 of plaintiff's Complaint.

4.     In answering the allegations set forth in paragraphs 11, 12 and 13 of plaintiff's Complaint, defendant admits only that at the time of the collision identified in plaintiff's Complaint, plaintiff was insured under a policy of insurance issued by defendant, and the policy included underinsured motorist coverage with limits of $100,000.

5.     In answering the allegations set forth in paragraph 14 of plaintiff's Complaint, defendant admits only that it was advised of an offer from Viking in the amount of $24,000.

6.     In answering the allegations set forth in paragraph 16 of plaintiff's Complaint, defendant admits only that plaintiff advised defendant of a $24,000 offer from Viking and Allied approved of plaintiff's acceptance of that offer.

ANSWER TO PLAINTIFF'S COMPLAINT - 2

7.      In answering the allegations set forth in paragraphs 17 and 18 of plaintiff's Complaint, defendant admits only that plaintiff provided defendant with notice of her underinsured motorist claim and provided a demand for payment of underinsured motorist benefits.

## AFFIRMATIVE DEFENSES

By pleading certain defenses as "affirmative defenses," defendant does not imply that it has the burden of proof for any such defense.  Furthermore, as defendant has not had the opportunity to conduct discovery in this case, defendant, by failing to raise an affirmative defense, does not waive any such defense, and defendant specifically reserves the right to amend this answer to include additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction to the extent that plaintiff's damages, if any, were caused by plaintiff's own negligence or other wrongful conduct.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction to the extent that plaintiff's damages, if any, were caused by the negligence or wrongful conduct of persons other than defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction to the extent that plaintiff's damages, if any, were not proximately caused by the acts or omissions of defendant, but were caused by intervening, superseding or other causes, including, but not limited to, the natural proximate cause of plaintiff's own acts or omissions.

## FOURTH AFFIRMATIVE DEFENSE

At all times material, defendant acted in accordance with the terms of the policy language governing the applicable insurance policy.

ANSWER TO PLAINTIFF'S COMPLAINT - 3

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's right to recovery, if any, is reduced or barred to the extent that plaintiff has failed to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims regarding breach of the covenant of good faith and fair dealing must be dismissed as the claim that is the subject of this action is fairly debatable.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims regarding breach of the covenant of good faith and fair dealing must be dismissed as the acts or omissions of which plaintiff complains were the result of a good faith mistake. By asserting this defense, defendant does not admit any breach of contract or duty, but to the contrary, specifically denies all allegations of the same.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

## NINTH AFFIRMATIVE DEFENSE

The actions and/or omissions of defendant and its agents, employees and representatives were at all times carried out in good faith and in compliance with its obligations under the applicable policy of insurance. By asserting this defense, defendant does not admit any breach of contract or duty, but to the contrary, specifically denies all allegations of the same.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are barred in whole or in part by plaintiff's failure to fulfill her obligations under the insurance contract, including, but not limited to, the duty to cooperate and the duty to fully, accurately and honestly represent the extent and nature of her losses.

//

ANSWER TO PLAINTIFF'S COMPLAINT - 4

## ELEVENTH AFFIRMATIVE DEFENSE

If defendant has any liability to plaintiff, which liability defendant denies, any award made to plaintiff in this action must be reduced by the court, pursuant to Idaho Code § 6-1606, the Collateral Source Doctrine, and/or applicable policy language, in the event that any such award includes compensation for damages for which plaintiff has been compensated independently. Defendant is entitled to a set-off against plaintiff's damages, if any, for the amount plaintiff has been compensated by any other person, entity, corporation, insurance fund or governmental program, as a result of the payments for the plaintiff's care, treatment or other injuries or alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has been duly compensated under the terms of the policy for any loss she has sustained, and is not entitled to double recovery or recovery exceeding that to which she is entitled under the terms of the applicable policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the injuries claimed by plaintiff pre-existed the accident alleged in the Complaint and were the result of medical factors and conditions, or emotional or mental disorders, not proximately caused by the accident and for which defendant is not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant has not intentionally, nor unreasonably, denied, withheld, or delayed payment of plaintiff's claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of the covenant of good faith and fair dealing must be dismissed on the ground that plaintiff's damages, if any, are fully compensable by the payment of benefits under the subject insurance policy. By asserting this defense, defendant does not

admit any breach of contract or duty, but to the contrary, specifically denies all allegations of the same.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that plaintiff has failed to furnish proper and complete proofs of loss establishing amounts justly due under the subject insurance policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff has failed to satisfy all terms and/or conditions set forth in the subject insurance policy, plaintiff's claims are barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for prejudgment interest must be denied as plaintiff's damages, if any, are not liquidated or ascertainable by mere mathematical process.

## CLAIM FOR ATTORNEY FEES & COSTS

Defendant has been required to retain the services of the law firm of Powers Tolman Farley, PLLC in order to defend this action and will continue to incur reasonable attorney fees and costs based upon the time expended in its defense. Defendant, therefore, alleges and hereby makes a claim against plaintiff for recovery of its reasonable attorney fees and costs incurred in defending this action, pursuant to Idaho Code §§ 41-1839, 12-120, 12-121, 12-123, Rule 54 of the Idaho Rules of Civil Procedure, and all other applicable laws allowing for the recovery of costs or attorney fees in this action.

**WHEREFORE**, defendant prays for judgment as follows:

1.      That plaintiff's Complaint be dismissed, with prejudice, and that plaintiff take nothing thereby;

2.      That defendant be awarded its costs and reasonable attorney fees incurred in this action; and

3.      For such other and further relief as the Court deems just and equitable.

DATED this 30th day of April, 2014.

POWERS TOLMAN FARLEY, PLLC

By_____
James S. Thomson, II – Of the Firm
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of April, 2014, I caused to be served a true copy of the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT**, by the method indicated below, and addressed to each of the following:

Sheli Fulcher Koontz
LAW-IDAHO PLLC
802 West Bannock, Suite 101
Boise, ID 83702
Fax No. (208) 888-9970
*Attorney for Plaintiff*

____   U.S. Mail, Postage Prepaid
____   Hand Delivered
____   Overnight Mail
__x__  Telecopy

_____
James S. Thomson, II